Uh, Ms. Creckleton, come on up, please. Have a seat for a second. Just wait a minute. Hold on one second, Ms. Creckleton. Good morning. So before we start, we have the benefit of the papers you submitted. So we've read those. We are familiar with the record. So these five minutes that you have are your opportunity to tell us whatever you want, but with the understanding that we understand the case. Okay. Thank you. Please proceed. Good morning. Good morning, Your Honor. Good morning, Your Honor. Malvia Freckleton, pro se for the appellant. This case should be reversed because the district court improperly granted summary judgment despite clear evidence of ADA and Rehabilitation Act violation, disputed material facts regarding my student status, and evidence of retaliation and record of inconsistencies that should have been resolved by a jury, not dismissed as a matter of law. The summary judgment error, the district court failed to apply a proper standard under the summary judgment. Instead of viewing the evidence in the light most favorable to me as the non-moving party, the court resolved disputed facts against me, particularly regarding my student status and the circumstances surrounding the alleged ADA violation. These are classic disputes of material fact, Your Honor, that should have gone to a jury. The records show that I was subjected to a blanket rule denying bathroom access during examinations, which directly impacted my medical condition. Under the ADA and Section 504, institutions are required to provide reasonable accommodation, not impose categorical restriction that disregard documented needs. The issue is not discretion, it's failure to accommodate, Your Honor. Additional, there is evidence of retaliation and spoilation of records, including changes affecting my academic standard, which further demonstrate that summary judgment was inappropriate. And for these reasons, Your Honor, I respectfully request that the court reverse the judgment and remand the case for trial. Thank you, Your Honor. Thank you. Thank you very much. Mr. Robinson. Good morning, Your Honors. May it please the Court. Jack Robinson for Appellees Mercy College, Susan Moskow, and Miriam Ford. This appeal is ultimately about whether anything in the record undercuts Judge Karras' straightforward conclusion that Mercy denied admission for undisputed academic reasons, namely that the appellant was not in good standing when she was dismissed at the College of New Rochelle. Sorry. Maybe I've misunderstood something. Part of it is that she says the reason she was not in good standing was because of an underlying either disparate treatment or failure to accommodate. And you say, well, she was kicked out, more or less, because she's not in good standing. So which do we deal with first? Yes, Your Honor. So at summary judgment, the ADA retaliation claim was in regards to an accommodation request that was made to Sarah Venezian at Mercy College for extra testing time. What the appellant is referring to is accommodation requests that were made at the College of New Rochelle prior to her dismissal from the College of New Rochelle. So the College of New Rochelle is not a party to this case. And as Judge Karras noted, it's not clear from the record whether Mercy College would have any kind of successor liability to the conduct of the college or the staff that was at the College of New Rochelle. What's the relationship? There's no relationship between the two? One is a successor, more or less, no? But there is a carve-out. Is that right? That's right, Your Honor. But there is a carve-out in the teach-out agreement, which was relevant to whether the appellant was going to be accepted into the nursing program at Mercy College, which said that you have to be in good standing in order to be qualified for the teach-out agreement. And that decision was made by Susan Moskow and Miriam Ford after looking at the appellant's transcript and getting contemporaneous communications from the College of New Rochelle that she was not in good standing for failing three nursing courses and was dismissed from the College of New Rochelle. So that decision was... Yes, Your Honor. Sorry. What is... I mean, maybe this is outside the record, but what is the accommodation that's provided to people with disabilities when they take a test at Mercy College? So, Your Honor, that's completely outside the record. I understand that. Do you know what the answer is? I don't, Your Honor. But I just want to mention also that on the dismissed claims, because judgment was affirmed, I do want to quickly touch on the motion to dismiss. Even under a liberal pro se standard that Judge Karas did apply, the complaint never alleged a denied accommodation, which is important. Sarah Benesian asked for more documentation but did not deny the request outright, which was litigated more at some point. Correct. The request was never tied to the admission decision to disability or race with concrete facts, and the complaint never pled the basic elements of a Section 1983 contract or fraud claims. Your Honors, in short, there is no viable legal theory that survives the governing standards, and we request that the Court affirm Judge Karas's judgment in full. Thank you. So, we're going to reserve decision. I did not call the case. Freckelton v. Mercy College et al., case number 25832. Ms. Freckelton, so that means that after oral argument, we're going to decide the case and decide your appeal, and you'll get a written decision with a written justification for the decision. Do you understand that? Yes, Your Honor. Great. Thank you so much for your patience, and thank you. Again, we'll reserve decision. That concludes today's argument calendar. I'll ask the Court and Deputy to please adjourn the Court. Thank you, Your Honors.